IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:15-CR-47-J |
| BECKY RENEE KITE | |

## PLEA AGREEMENT

Becky Renee Kite, defendant, Bonita Gunden, the defendant's attorney, and the United States of America (the "government"), agree as follows:

1. **Rights of the defendant**: The defendant understands the following:

    a. she has the right to plead not guilty;

    b. she has the right to have a trial by jury;

    c. she has the right to have her guilt proven beyond a reasonable doubt;

    d. she has the right to confront and cross-examine witnesses and to call witnesses in his defense;

    e. she has the right to be protected from compelled self-incrimination; and

    f  upon conviction, if she is not a United States citizen, she may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in count one of the indictment, charging a violation of 18 U.S.C. § 666, that is, Embezzlement from a Federally Funded Program. The defendant understands the nature and elements of the crime to which she is pleading

guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include:

   a. imprisonment for a period of not more than ten years;

   b. a fine not to exceed $250,000;

   c. a term of supervised release of not more than three years, which may be mandatory under the law and follows any term of imprisonment. If the defendant violates the conditions of supervised release, she could be imprisoned and subject to additional terms of supervised release and imprisonment as imposed by the Court in accordance with law;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines and the factors found in 18 U.S.C. § 3553(a). The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw her plea if her sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

**Becky Renee Kite**
**Plea Agreement - Page 2**

5.      **Mandatory special assessment**:  The defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.      **Defendant's agreement**:   Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution.

7.      **Government's agreement**:

a. The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty.

b. Under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the government will make a non-binding recommendation for a sentence of imprisonment at the lowest end of the sentencing guideline range.

c. The government agrees to move to dismiss the remaining counts of the indictment.

d. The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

8.      **Violation of agreement**:   The defendant understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the

**Becky Renee Kite**
**Plea Agreement - Page 3**

government will be free from any obligations of the agreement and free to prosecute her for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, the defendant has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

11. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Becky Renee Kite
Plea Agreement - Page 4

AGREED TO AND SIGNED this 25th day of June, 2015.

                                                  JOHN R. PARKER
                                                  ACTING UNITED STATES ATTORNEY

_____         _____
Becky Renee Kite                             JOSHUA FRAUSTO
Defendant                                            Assistant United States Attorney
                                                  Texas State Bar Number 24074228
                                                  500 South Taylor Street, Suite 300
                                                  Amarillo, Texas 79101-2446
                                                  Telephone:   806-324-2322
                                                  Facsimile:    806-324-2399
                                                  E-mail:       joshua.frausto@usdoj.gov

_____         _____
Bonita Gunden                                   DENISE B. WILLIAMS
Attorney for Defendant                      Deputy Criminal Chief